**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:20-cv-00134-LLK**

**DAVID SEXTON**                                                                                      **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                       **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits.  The fact and law summaries of Plaintiff and the Commissioner are at Docket Number (DN) 14-1 and DN 20.  The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals.  [DN 12].

For the reasons below, the Court will REMAND this matter to the Commissioner, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for consideration of new and material evidence showing that Plaintiff's left ankle impairment progressed to a diagnosis of reflex sympathetic dystrophy syndrome and for completion of the sequential evaluation process pursuant to the requirements of Social Security Ruling (SSR) 03-2p, 2003 WL 22399117, which applies in cases involving such a diagnosis.

**Procedural history**

On June 21, 2019, the Administrative Law Judge (ALJ) issued a decision, finding that Plaintiff "has not been under a disability … from February 6, 2017 [Plaintiff's alleged onset of disability date], through the [June 21, 2019] date of this decision."  [DN 11 at 87].  Specifically, the ALJ found that, notwithstanding his "degenerative joint disease of the left ankle, deep vein thrombosis," Plaintiff retains the ability to perform a significant number of sedentary jobs in the national economy.  *Id.* at 81.  These jobs require "frequent handling and fingering" but no more than "4 hours in an 8-hour workday" of standing, walking, and sitting.  *Id.* at 82.

1

On appeal, Plaintiff submitted to the Appeals Council new and allegedly material evidence.  On June 16, 2020, the Appeals Council found the evidence to be immaterial and declined to disturb the ALJ's decision.  *Id.* at 1-4.  Specifically, the Appeals Counsel found that:

> You submitted medical evidence from Tri State Orthopaedics Surgeons, pp. 1-4, 10, 16-31 of 31 total, dated June 7, 2019 to June 21, 2019; medical evidence from Angela Martin, M.D., 6 pages, dated June 10, 2019 to June 10, 2019; and medical evidence from Tri-State Orthopaedics Surgeons, pp. 1-3, 11-57 of 57 total, dated February 8, 2017 to June 21, 2019. We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.
>
> You submitted medical evidence from Scott Graham, M.D., 2 pages, dated April 21, 2020 to April 21, 2020; medical evidence from William Ante, M.D., 26 pages, dated January 22, 2020 to January 22, 2020; medical evidence from Tri State Orthopaedics Surgeons, pp. 5-9, 11-15 of 31 total, dated June 22, 2019 to March 4, 2020; medical evidence from Tri-State Orthopaedics Surgeons, 3 pages, dated September 18, 2019 to September 18, 2019; and medical evidence from Tri-State Orthopaedics Surgeons, pp. 4-10 of 57 total, dated June 22, 2019 to June 25, 2019. The Administrative Law Judge decided your case through June 21, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 21, 2019.

*Id.* at 2.

Plaintiff appends to his brief before this Court additional evidence that was before neither the ALJ nor the Appeals Council.  The evidence consists of a physical capacities evaluation date April 1, 2020, from treating physician Scott Graham [DN 14-2], questionnaires completed by treating chiropractor Johnny Newcom [DN 14-3], a July 31, 2020 opinion and award by a worker's claims ALJ, which found Plaintiff to be permanently and totally disabled as defined by Kentucky Revised Statutes (KRS) 342.0011(11)(c) [DN 14-4], a November 25, 2020 affirmance of the ALJ's decision by the Kentucky Workers' Compensation Board [DN 14-5], and an April 30, 2021 affirmance of the Board's decision by the Kentucky Court of Appeals [DN 14-6].

**A remand for consideration of new and material evidence is warranted.**

Listing 1.02 defines the following per-se disabling medical condition:

1.02 Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected

2

joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in **inability to ambulate effectively** *(emphasis added)*, as defined in 1.00B2b; or

B. Involvement of one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand), resulting in inability to **perform fine and gross movements effectively** *(emphasis added)*, as defined in 1.00B2c.

20 C.F.R. § Pt. 404, Subpt. P, App. 1.  "Ineffective ambulation is defined generally as having insufficient lower extremity functioning … to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities."  Section 1.00B2b.

The ALJ found that Plaintiff's impairments do not satisfy Listing 1.02 due to a lack of evidence of "inability to ambulate effectively or … to perform fine and gross movement effectively."  DN 11 at 82. More specifically, the ALJ found that Plaintiff's degenerative joint disease of the left ankle with deep vein thrombosis does not result in an "inability to ambulate" as defined in 1.00B2b because treating sources have "consistently advised [Plaintiff] to wean out of his [left ankle] boot and increase range of motion." *Id.*

On September 18, 2019, after the ALJ's June 21, 2019 decision, Plaintiff's treating physician William A. Ante, M.D., opined that, due to "RSD [reflex sympathetic dystrophy] left foot after arthroscopic debridement, microfracture repair, and repair of ATFL [anterior talo-fibular ligament]," which is at MMI [maximum medical improvement], Plaintiff "cannot walk without assistance in the form of double crutches and fracture boot." *Id.* at 13.

Plaintiff argues that Dr. Ante's post-ALJ decision diagnosis of RSD and other evidence constitute new and material evidence warranting a remand for consideration of such evidence by the ALJ.  [DN 14-1 at 6, 8].  For the reasons below, the argument is persuasive.

Sentence 6 of 42 U.S.C. § 405(g) authorizes federal district courts to remand cases to the Commissioner for consideration of addition evidence "upon a showing that there is new evidence which

3

is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding" before the ALJ.  42 U.S.C. § 405(g), Sentence 6.  Evidence is material if Plaintiff shows that there is a "reasonable probability that the [ALJ] would have reached a different disposition of the disability claim if presented with the new evidence."  *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 839 (6th Cir. 2016).  Generally, "good cause" is shown if "the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability."  *Burton v. Comm'r*, No. 4:18-CV-00056-HBB, 2019 WL 1585116, at *10 (W.D. Ky. Apr. 12, 2019) (quoting *Koulizos v. Sec'y of Health & Human Servs.*, No. 85-1654, 1986 WL 17488, at *2 (6th Cir. Aug. 19, 1986)).

For Sentence 6 purposes, there is no distinction between evidence that was first presented to the Appeals Council and evidence that was first presented to the district court.  This is because, when the Appeals Council declines to disturb the ALJ's decision, the ALJ's decision becomes the Commissioner's final decision, which is subject to judicial review.  *See Casey v. Sec'y*, 987 F.2d 1230, 1233 (6th Cir.1993) ("While new evidence may be submitted for consideration to the appeals council ... on appeal we still review the ALJ's decision, not the denial of review by the appeals council.").

The new evidence from Dr. Ante (discussed above) is material because, if it had been before the ALJ, there is a reasonable probability that the ALJ would **not** have found a lack of evidence of inability to ambulate effectively.  Specifically, the ALJ might have accepted Dr. Ante's opinion that Plaintiff "cannot walk without assistance in the form of double crutches and fracture boot."  DN 11 at 13.  The ALJ might have accepted that, despite undergoing physical therapy for months, Plaintiff was never able to bear weight on his left ankle and still requires double crutches for ambulation.  *Id.*

As noted above, Dr. Ante diagnosed reflex sympathetic dystrophy syndrome (RSDS).  DN 11 at 13.  RSDS is also known as complex regional pain syndrome (CRPS).  Social Security Ruling (SSR) 03-2p, 2003 WL 22399117 at *1.  RSDS/CRPS is a chronic pain syndrome most often resulting from trauma to a single

4

extremity (e.g., Plaintiff's left ankle). *Id.* It can also result from diseases, surgery, or injury affecting other parts of the body. *Id.* Although the pathogenesis of this disorder has not been defined, dysfunction of the sympathetic nervous system has been strongly implicated. *Id.* By definition, the degree of pain reported is out of proportion to the severity of the injury sustained by the individual. *Id.*[1]

The ALJ's decision does not mention RSDS / CRPS. The new evidence of an RSDS diagnosis is at odds with the ALJ's finding that Plaintiff's left ankle condition does not satisfy the requirements of Listing 1.02 because Plaintiff has been "consistently advised to wean out of his [left ankle] boot and increase range of motion." DN 11 at 82.

In any event, even if Plaintiff's left ankle impairment does not meet or equal Listing 1.02, in RSDS/CRPS cases, the specific findings in each case must be compared to various pertinent listings to determine whether medical equivalence may exist. SSR 03-2p, 2003 WL 22399117 at *1. Additionally, psychological manifestations related to RSDS/CRPS should be evaluated under the mental disorders listings. *Id.*[2]

In this case, "good cause" is present because "the new evidence [of RSDS] arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Burton v. Comm'r*, No. 4:18-CV-00056-HBB, 2019 WL 1585116, at *10 (W.D. Ky. Apr. 12, 2019).

### ORDER

For the foregoing reasons, this matter is hereby REMANDED to the Commissioner, pursuant to Sentence 6 of 42 U.S.C. § 405(g), for a new decision, for consideration of new and material evidence showing that Plaintiff's left ankle impairment progressed to a diagnosis of reflex sympathetic dystrophy

---

[1] To the extent the ALJ dismissed Plaintiff's complaints of pain and other subjective symptoms due to a lack of sufficient objective medical findings, the ALJ should re-evaluate that in light of the RSDS diagnosis.

[2] The new evidence pertaining to Plaintiff's award of workers' compensation benefits [DN 14-4, 14-5, 14-6] is not material because a claimant is not entitled to Social Security disability "just because he is receiving worker's compensation." *Gaskin v. Comm'r*, 280 F. App'x 472, 477 (6th Cir. 2008); *see also* 20 C.F.R. § 404.1504("Other governmental agencies … make … workers' compensation, and other benefits decision … using their own rules …, it is not binding on us … under our rules.").

syndrome, for completion of the sequential evaluation process pursuant to the requirements of Social

Security Ruling (SSR) 03-2p, 2003 WL 22399117, and for any further proceedings deemed necessary and

appropriate by the Commissioner.

September 22, 2021

**Lanny King, Magistrate Judge**
**United States District Court**